# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HECTOR ALEJANDRO VILLASANA CASTILLO, and H&R ENTERPRISES, LLC, an Oklahoma Limited Liability Company,<br><br>                   Plaintiff,<br><br>v.<br><br>ROBERT S. DURAN, JR., and STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP,<br><br>                   Defendant. | Case No. CIV-14-1006-M |

## DEFENDANT ROBERT S. DURAN, JR.'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Robert S. Duran, Jr. ("Duran") moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) because:

1. The Plaintiffs have failed to allege complete diversity by not identifying the citizenship of each of the limited liability partners in the Defendant Stuart, Clover, Duran, Thomas & Vorndran, L.L.P.("Stuart Clover") as required to satisfy 28 U.S.C. § 1332(a)(2), as more fully stated in Proposition I below; and

2. The Plaintiff Hector Alejandro Villasana Castillo ("Villasana") lacks standing to sue and fails to state a claim for relief for alleged malpractice or professional negligence because he has not sufficiently alleged an attorney-client relationship with Duran, as more fully stated in Proposition II below; and

3. The Plaintiff Villasana lacks standing to sue on behalf of Plaintiff H&R Enterprises, LLC ("H&R") and thus fails to state a claim for relief against Duran related

to representation of H&R to obtain or failing to account for the proceeds of any arbitration settlement or award, or to perform any registered service agent duties, as more fully stated in Proposition III below. Similarly, H&R lacks standing to sue for and thus fails to state a claim for relief for any alleged wrongs to Villasana personally, as more fully stated in Proposition III below; and

    4. The Plaintiff Villasana has failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and thus fails to state a claim for relief against Duran, as more fully alleged in Proposition IV below.

## ARGUMENT AND AUTHORITIES

**I. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS HAVE FAILED TO ADEQUATELY ALLEGE DIVERSITY JURISDICTION.**

A case may be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as when the Plaintiffs have failed to allege sufficient facts to establish complete diversity. The United States Supreme Court has determined for diversity jurisdiction purposes the citizenship of a limited liability partnership is the citizenship of all of its members. *Carden v. Arkoma Associates, Inc.,* 494 U.S. 185, 194 (1990). The Complaint does not allege the members of the Defendant Stuart Clover and the citizenship of each. Thus, the Plaintiffs' Complaint fails to adequately allege complete diversity and should be dismissed. *Id.*; *Dixie Aire Title Services, Inc.* v. SPW, LLC, 2007 WL 464704, *1 (W.D. Okla.).

## II. PLAINTIFF VILLASANA LACKS STANDING TO SUE AND FAILS TO STATE A LEGAL MALPRACTICE OR PROFESSIONAL NEGLIGENCE CLAIM AGAINST DURAN.

There must be an attorney-client relationship between Villasana and Duran or Villasana may not maintain an action for legal malpractice. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448.

The Complaint alleges Villasana "became involved in" an arbitration proceeding "involving his business", H&R, and a Texas firm named Landmark Structures I, LP ("Landmark") (Complaint, ¶ 8). The parties to that arbitration are never specifically identified, but it is a fair inference from the entire Complaint that the parties to that arbitration were only H&R on the one hand and Landmark on the other.

Certainly, Villasana never makes "a short and plain statement of the claim showing that the pleader [Villasana] is entitled to relief" for legal malpractice, as required by Fed. R. Civ. P. 8(a)(2). The Paragraph 10 of the Complaint that describes the alleged attorney-client agreement is plain nonsense as to which Duran cannot reasonably be expected to fashion a responsive pleading. To say, for example, that Villasana is either the "client", on the one hand, OR the "authorized agent/representative of H&R," on the other, is plain obfuscation. That is not proper pleading in the alternative. To the extent Villasana as owner/member acts as the agent or representative of H&R to hire a lawyer, fine, and if he did so on H&R's behalf, then H&R is the client regarding the arbitration representation, not Villasana. To say that the contract of engagement, whatever it entailed, was oral but if it only had been in writing then "this and that" or "thus and such"

is what it would have "shown" is ludicrous. Villasana has no need for documents to "verify" what engagement was oral in any event.

On these facts, Villasana has failed to allege that he is a client with standing to sue for legal malpractice and the Complaint by him to that extent should be dismissed.

**III. THE PLAINTIFF VILLASANA LACKS STANDING TO SUE FOR ANY ALLEGED BREACH AND INJURY TO H&R RELATING TO THE ALLEGED ARBITRATION OR REGISTERED SERVICE AGENT DUTIES. LIKEWISE H&R LACKS STANDING TO SUE FOR ALLEGED WRONGS TO VILLASANA PERSONALLY.**

Villasana conflates the claims by himself personally with any claims by H&R throughout the entire Complaint, and vice versa, including in the Prayer For Relief which seeks judgment(s) to each Plaintiff for what could only be a wrong to one or the other of Villasana or H&R.

It is clear that members of a limited liability company, like Villasana, lack standing to redress injuries to the limited liability company, like H&R. *Quinana v. Episcopal School of Acadiana, Inc.*, 2012 WL 6607265 (E.D. Okla.). Claims like failure to perform professionally in the arbitration, or with respect to handling funds derived from the arbitration, are claims exclusively belonging to H&R, not to Villasana. So, too, are claims of breach of duty by a registered service agent of the limited liability company, if any. The duties owed by such an agent, like agents in general, are exclusively to the principal, here H&R. That proposition is too well settled to be questioned.

On the other hand, H&R has no right to pursue claims, among other things alleged, like loss of personal property, or Villasana's house, or anything arising out of his

alleged divorce, or the many allegations about a POA from Villasana to his ex-wife, Joyce.

Again, Duran cannot reasonably be expected to frame a responsive pleading to the conflated allegations of the Complaint which should be dismissed.

**IV. PLAINTIFFS HAVE FAILED TO ALLEGE FRAUD WITH PARTICULARITY UNDER FED. R. CIV. P. 9(b) AND THE COMPLAINT REGARDING FRAUD SHOULD BE DISMISSED.**

The Complaint although wordy fails to allege fraud with the detail required by Fed. R. Civ. P. 9(b). The Complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks omitted).

The problem is easily demonstrated by focusing on paragraphs 85 and 86 as illustrative but not exhaustive examples. Paragraph 85 reads, in part, "Duran made verbal and written representations regarding the type, extent and amount of legal services he was performing . . . ." Nowhere, however, are those representations stated. What was allegedly said about the "type of legal services"? What was said about the "extent of legal services"? What was allegedly said about the "amount of legal services'? How were any of those statements allegedly false? How were any of them material? How were any of them relied upon? How did any cause injury, all as required in order to state a claim for fraud by misrepresentation? *Silk v. Phillips Petroleum Co.*, 1988 OK 93, ¶ 12, 760 P.2d 174, 176-77.

Similarly, by way only of example, paragraph 86 of the Complaint alleges, in part, that "Duran . . . failed to actually perform the legal services as Duran purported to Villasana . . . ." and "improperly concealed the truth and facts of other matters . . . ." What legal services did Duran not do that he should have done, and that he, allegedly, told Villasana he would do? For whom were those legal services to be done? What "truth" and what "facts" did Duran not tell Villasana or H&R? How did any breach allegedly "result[ed] in financial damages to" any party? And who was that party?

It is too plain to need further elaboration that the Complaint fails to allege fraud with particularity and should be dismissed.

Respectfully submitted,

 s/ Ronald E. Stakem
DAVID A. CHEEK, OBA #1638
RONALD E. STAKEM, OBA #8540
CHEEK & FALCONE, PLLC
6301 Waterford Blvd., Suite 320
Oklahoma City, OK 73118-1168
Telephone: (405) 286-9191
Facsimile: (405) 286-9670
dcheek@cheekfalcone.com
rstakem@cheekfalcone.com
***Attorneys for Defendant,***
***Robert S. Duran, Jr.***

## **CERTIFICATE OF MAILING**

   I hereby certify that on October 14, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

  Sean E. Manning
  Shook & Johnson, P.L.L.C.
  7420 South Yale Avenue
  Tulsa, OK  74136-7029
  smanning@shookjohnson.com
  *Attorneys for Plaintiff*

                  s/ Ronald E. Stakem

S:\10437.069\(52161).docx