# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HECTOR ALEJANDRO VILLASANA CASTILLO, and H & R ENTERPRISES, LLC, an Oklahoma Limited Liability Company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-1006-M |
| ROBERT S. DURAN, JR., STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP, an Oklahoma Limited Liability Partnership, and STUART & CLOVER, PLLC, an Oklahoma Professional Limited Liability Corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP'S AND STUART & CLOVER, PLLC'S MOTION TO DISMISS ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

George S. Corbyn, Jr., OBA No. 1910
Amy J. Pierce, OBA No. 17980
CORBYN HAMPTON, PLLC
One Leadership Square
211 North Robinson, Suite 1910
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
Facsimile: (405) 702-4348
gcorbyn@corbynhampton.com
apierce@corbynhampton.com

**ATTORNEYS FOR DEFENDANTS STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP AND STUART & CLOVER, PLLC**

COMES NOW Defendants Stuart, Clover, Duran, Thomas & Vorndran, LLP and Stuart & Clover, PLLC ("Stuart and Clover Defendants" or "the Firm"), pursuant to Fed.R.Civ.P. 12(b)(1), (6) and 9 (b), and moves to dismiss Plaintiffs' claims against it.

## I. PRELIMINARY STATEMENT

Plaintiff Hector Alejandro Villasana Castillo ("Plaintiff Castillo) brings this action on behalf of himself and H & R Enterprises, LLC ("H & R") against the Stuart and Clover Defendants and Defendant Robert S. Duran, Jr. ("Duran") for professional negligence, breach of contract, breach of fiduciary duty, fraud and breach of registered service agent duties. As set forth herein, all claims alleged by Plaintiff against the Firm must be dismissed because this Court lacks subject matter jurisdiction and because the claims fail pursuant to Fed.R.Civ.P. 12 (b)(6) and Fed.R.Civ.P. 9(b).

## II ARGUMENT AND AUTHORITIES

**A. THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFFS HAVE FAILED TO ADEQUATELY ALLEGE DIVERSITY JURISDICTION.**

Title 28 U.S.C. § 1332(a)(2) states that district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. *Id.*

A case may be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter Jurisdiction when a plaintiff fails to allege sufficient facts to establish complete diversity. The United States Supreme Court has determined for diversity jurisdiction purposes the citizenship of a limited liability partnership is the citizenship of all of its members.

2

*Carden v. Arkoma Associates, Inc.,* 494 U.S. 185, 194 (1990). The Complaint does not identify the members of the Stuart and Clover Defendants, nor does it refer to the citizenship of each. Instead, Plaintiffs' complaint merely alleges that they are either an Oklahoma partnership or limited liability corporation. Thus, the Plaintiffs' Complaint fails to adequately allege complete diversity and should be dismissed. *Id.*; *See Chart Energy & Chemicals, Inc. v. OGE Energy Corp.,* 2013 WL 2153592, \*\*1-2 (W.D. Okla., May 17, 2013)(where members of defendant limited liability companies were citizens of Delaware and so was the plaintiff corporation, no diversity existed and dismissal was appropriate).

### B. PLAINTIFFS' CLAIMS AGAINST THE FIRM SHOULD BE DISMISSED UNDER FED.R.CIV.P. 12(B)(6) BECAUSE PLAINTIFFS' ALLEGATIONS ARE WHOLLY CONCLUSORY.

The Supreme Court, in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1964, 1965, 167 L.Ed.2d 929 (2007) stated that in a complaint filed in federal court, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id. See also Alvarado v. KOB-TV,* 493 F.3d 1210, 1215 (10th Cir. 2007) (upholding the district court's granting of defendant's motion to dismiss, and quoting *Bell Atlantic,* stating " 'We look for plausibility in th[e] complaint); and *Ridge at Red Hawk, L.L.C v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (noting that the previous standard of evaluating motions to dismiss in federal court " 'has earned its retirement,' " and applying *Bell Atlantic* to uphold the dismissal of a suit for failure to state a claim). Thus, a Motion to Dismiss under Rule 12(b)(6) should be granted when, "viewing the well-pleaded factual allegations in the complaint as true and in the light

most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) *quoting Bell Atl. Corp. Twombly,* 550 U.S. 544, 547 (2007).

A plaintiff's obligation to provide grounds for entitlement to relief requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do. *Twombly,* 550 U.S. at 547. As the Supreme Court recently explained in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1949. Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. *Id.* (citing *Twombly,* 550 U.S. at 556).

While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011) (citations omitted), neither " 'naked assertion[s]' devoid of 'further factual enhancement,' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*). The pleading requirements now demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal,* 556 U.S. at 678 (citation omitted); *Khave v. Oklahoma State Dept. of Health,* 2013 WL 3058138 (W.D. Okla. June 17, 2013).

Plaintiff Castillo alleges only bare facts purportedly evidencing any action or inaction on the part of the Stuart and Clover Defendants. In substance, the only "factual"

4

allegations asserted by Plaintiff Castillo against the Stuart and Clover Defendants are that: (1) Duran was a partner (Complaint, ¶¶ 3, 7); (2) the POA was prepared in the Firm's offices and witnessed by two attorneys "at Stuart Clover" and was notarized there (*Id.*at ¶¶ 16, 18); (3) Landmark paid the settlement to the Firm on behalf of H & R (*Id.* ¶ 24); and (4) the actions of Duran should be imputed to the Firm because Duran was acting in the ordinary course of Stuart & Clover's business. (*Id.* at ¶ 59).

The remaining allegations against the Firm are lumped into conclusory allegations that the "Defendants" engaged in professional malpractice (¶ 68) and that "Defendants" breached their fiduciary duties to Plaintiff by failing to remain loyal, perform actions as promised and billed, refrain from self-dealing, and provide timely and accurate information (¶ 73). Finally, as discussed in more detail below, Plaintiffs' fraud allegations are wholly devoid of anything except conclusory allegations. These allegations are the types of naked assertion[s]' devoid of 'further factual enhancement,' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*), such that all claims against the Firm should be dismissed, particularly where there are no factual details alleging that the Firm engaged in any particular actions. There are no specific factual allegations that the Firm knew of or was aware of any alleged actions on the part of Defendant Duran or how the Firm engaged in self-dealing or failed to remain loyal.

Moreover, some of the key allegations asserted against Duran are purportedly made based upon Plaintiff's information and "good faith belief." For example, Plaintiff Castillo alleges that they have "good faith belief" Duran knew Villasana divorced Plaintiff Castillo and that it is their "understanding" that Duran referred Joyce to a certain

5

attorney for purposes of obtaining a divorce. *Id.* at ¶ ¶ 31, 32. Plaintiffs further allege that they "believe" Joyce may have shared money she made from the sale of Villasana's real property and/or H&R's equipment with Duran and that Duran intentionally let H&R terminate with the Oklahoma Secretary of State so that Plaintiff would have no standing to bring these claims. *Id.* at ¶ 35, 56. The mere fact that a plaintiff uses allegations based upon "information and belief" does not automatically make the allegations insufficient under *Twombly*. However, when such allegations of "information and belief" are asserted, the allegations should be based either on information that could only be known to the defendant or upon factual information that makes the inference of culpability plausible...." *ArCzar, Inc. v. Navico, Inc.,* 2012 WL 3150815 (N.D. Okla., August 2, 2012). *Menard v. CSX Transp., Inc.*, 698 F.3d 40 (1st Cir. 2012) ("information and belief does not mean pure speculation"). Plaintiffs have provided no plausible facts to support his assertions, other than pure speculation. Accordingly, these allegations are deficient and Plaintiffs' claims should be dismissed.

### C. THERE IS NO RELATIONSHIP BETWEEN PLAINTIFF CASTILLO AND STUART AND CLOVER DEFENDANTS GIVING RISE TO A MALPRACTICE CLAIM.

In order to maintain an action for legal malpractice, there must be an attorney-client relationship between the plaintiff and the defendant. "We have continuously required that a plaintiff claiming legal malpractice prove an attorney-client relationship. *Worsham v. Nix*, 2006 OK 67, 31, 145 P.3d 1055, 1065 (citing *Manley v. Brown*, 1999 OK 79, 989 P.2d 448) (a plaintiff in a legal malpractice action must prove, among other things, an attorney-client relationship).

In the Complaint, Plaintiffs allege that there was no written agreement between the parties, but if there was it would show Plaintiff Castillo as the "client **and/or the authorized agent/representative of H&R.**" *Id.* at ¶ 10. This is not an affirmative allegation that Plaintiff Castillo was the client of the Stuart and Clover Defendants. It is axiomatic that an attorney-client relationship is required to bring a malpractice claim, and where an officer or representative of a corporation cannot establish that he personally was a client of the firm, as opposed to the corporation, no malpractice claim will lie. *See Kohler v. Kline and Kline, Inc.,* 2002 OK CIV APP 4, 39 P.3d 257 (president of corporation failed to establish that he individually was a client of the law firm that was retained to file a bankruptcy for the corporation and in the absence of an attorney-client relationship, the president was barred from pursuing a malpractice claim against the attorneys for his own personal claims of malpractice).

Accordingly, Plaintiff Castillo's malpractice claims against the Stuart and Clover Defendants should be dismissed.

### D. PLAINTIFF CASTILLO ALSO CANNOT ESTABLISH BREACH OF FIDUCIARY AND BREACH OF CONTRACT CLAIMS AGAINST STUART AND CLOVER DEFENDANTS.

Additionally, there would be no breach of fiduciary duty claim in favor of Plaintiff Castillo because there is no fiduciary relationship between attorneys and Plaintiff Castillo, as a representative of a client. The same is true with respect to the breach of contract claims. Any rights to pursue such claims are owned by Plaintiff H&R, and not Plaintiff Castillo since there are insufficient allegations that Plaintiff Castillo was

personally a client of the Stuart and Clover Defendants. *See e.g. Jadco Management Corp. v. Federal Ins. Co.,* 2000 OK CIV APP 68, 9 P.3d 92 (sole shareholder and director could not maintain bad faith breach of contract claim against insurance company because the loss was that of the corporation, not the shareholder). Accordingly, such claims should be dismissed.

E. **PLAINTIFF'S FRAUD CLAIM FAILS UNDER FED.R.CIV.P. 9(B).**

A plaintiff that attempts to assert claims of fraud has an especially high burden. This substantial burden of pleading in cases like this exists because Rule 9(b) provides that "[i]n **alleging fraud** … **a party must state with particularity the circumstances constituting fraud**[.]" (Emphasis added.) Thus, the complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks omitted). Additionally, at a minimum "Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *Id.*, *quoting Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998).

In the instant matter, Plaintiffs have failed to sufficiently allege fraud with respect to the Stuart and Clover Defendants, as Plaintiffs have not identified any particular fraudulent statement made by the Firm, where and when any alleged statement was made, or even the contents of any alleged fraudulent statement. The only thing that Plaintiffs allege with respect to Stuart & Clover in its wholly conclusory allegations that the Stuart and Clover Defendants failed to perform legal services, communicate or advise plaintiff

8

and "improperly concealed the truth and facts of other matters from Plaintiffs." *Id.* at ¶ 86. There are no specific, factual allegations as to what fraudulent acts the Stuart & Clover Defendants are allegedly to have performed. Accordingly, the fraud claims against the Firm fail under Fed.R.Civ.P. 9 (b) for failure to be stated with particularity.

Additionally, Plaintiff Castillo's fraud claims against the Firm fail for the additional reason that fraudulent conduct or concealment of professional negligence claims are generally not considered matters in which an attorney can be acting within the "ordinary course of his law firm's business." *See Goodman v. Holmes & McLaurin Attorney at Law*, 665 S.E.2d 526 (N.C. Ct. App. 2008)(granting law firm's motion to dismiss fraud claims asserted by client against individual partner and law firm because attorney's fraudulent concealment of his negligence "went so far beyond a lawyer's legitimate role as to place it outside the ordinary scope of business of a law partnership"). Thus, the fraud claims alleged cannot be considered to be within the ordinary course of partnership business, and the fraud claims against the Firm must fail. *Id.*

WHEREFORE the Defendants respectfully request that all claims against them be dismissed.

Respectfully submitted,

s/ Amy J. Pierce
George S. Corbyn, Jr., OBA No. 1910
Amy J. Pierce, OBA No. 17980
CORBYN HAMPTON, PLLC
211 North Robinson, Suite 1910
Oklahoma City, Oklahoma  73102
Telephone:   (405) 239-7055
Facsimile:     (405) 702-4348

gcorbyn@corbynhampton.com
apierce@corbynhampton.com

**ATTORNEYS FOR DEFENDANTS STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP and STUART & CLOVER, PLLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record at this time.

/s/ Amy J. Pierce
Amy J. Pierce