**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HECTOR ALEJANDRO VILLASANA CASTILLO, and H & R ENTERPRISES, LLC, an Oklahoma Limited Liability Company, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-14-1006-M |
| ROBERT S. DURAN, JR., STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP, an Oklahoma Limited Liability Partnership, and STUART & CLOVER, PLLC, an Oklahoma Professional Limited Liability Corporation, | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is defendants Stuart, Clover, Duran, Thomas & Vorndran, LLP and Stuart & Clover, PLLC's (collectively, "Stuart & Clover") Motion to Dismiss Original Complaint and Brief in Support, filed October 27, 2014. On November 19, 2014, plaintiffs Hector Alejandro Villasana Castillo ("Villasana") and H & R Enterprises, LLC ("H&R") filed their response, and on November 25, 2014, Stuart & Clover filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction[1]

On September 18, 2014, Villasana and H&R[2] filed the instant action against defendants Duran and Stuart & Clover alleging claims for professional negligence/legal malpractice, breach

[1] The facts set forth in this Introduction are based upon the facts alleged in plaintiffs' Complaint.
[2] Villasana is the sole owner and member of H&R.

of fiduciary duty, breach of contract, and fraud. Plaintiffs allege that they hired defendant Duran, a then partner of Stuart & Clover, and Stuart & Clover to represent them in an arbitration matter before the American Arbitration Association in Dallas, Texas, involving H&R's dispute with a Texas firm, Landmark Structures I, LP ("Landmark").

On May 18, 2010, without the consent and permission of Villasana, Duran prepared a "Durable Power of Attorney and Designation of Guardian" ("POA") making Kimberly Joyce ("Joyce"), Villasana's then wife, Villasana's guardian and attorney-in-fact. This transaction took place in Stuart & Clover's office and was witnessed by the firm's partners Matthew L. Thomas and Duran. At the time of this transaction, Villasana was half-way across the State of Oklahoma on a job site. However, despite Villasana's absence, this POA contained a forged signature purporting to be Villasana's. The POA was then signed by Joyce and notarized by Tina L. Sim, a notary at Stuart & Clover. The next day, on May 19, 2010, during the pendency of the arbitration and after the signing of the POA without Villasana's knowledge and consent, Villasana was picked up by Immigration and Customs Enforcement officers and deported back to Mexico. Following his deportation, Villasana put Joyce in charge of H&R's business operations in the United States while Villasana continued to manage H&R from Mexico. Although Villasana did not transfer or give Joyce any amount of ownership, share, or membership in H&R, on the same day of Villasana's deportation, without his knowledge, Joyce signed an Application to Reinstate H&R with the Oklahoma Secretary of State ("OSOS"), naming herself as a manger of H&R and its registered service agent.

On April 27, 2011, Durant negotiated, and Joyce signed, a partial settlement on behalf of H&R with Landmark in the amount of approximately $635,000.00 – which Landmark paid to Stuart & Clover on behalf of H&R.[3] However, a dispute over approximately $300,000.00

[3] Of the $635,000.00 paid by Landmark, approximately $160,000.00 is still unaccounted for.

remained outstanding between H&R and Landmark. On November 14, 2012, the Arbitrator awarded H&R $66,753.17[4] on these remaining unsettled claims. However, on or about January 9, 2013, Landmark filed a lawsuit against H&R for breach of contract after Duran failed to respond to Landmark's counsel's notice of additional warranty related claims against H&R, which Durant also failed to communicate to plaintiffs. As Duran was the attorney and registered service agent for H&R, the Petition was served on Duran on January 9, 2013, and he again failed to notify plaintiffs. As a result, Landmark obtained a default judgment in its favor since H&R had not responded. Because the default judgment amount was greater than the arbitration award amount Landmark owed to H&R, H&R never received the remaining arbitration award. Moreover, as H&R's registered agent, Duran failed to keep H&R in good standing with OSOS by failing to file H&R's annual certificates on at least three occasions in 2011, 2012, and 2013. In addition, in July 2012, Duran filed another Application to Reinstate H&R with OSOS, named himself as the registered service agent, and appointed himself as manager of H&R – actions taken without Villasana's knowledge and approval.

After obtaining the forged POA, Joyce used it to withdraw funds from H&R's business account and embezzled and concealed some or all of the unaccounted funds from the partial Landmark settlement and other H&R income. Villasana did not discover the forgery and use of the POA until early 2013. Despite Villasana's numerous attempts to contact Duran and obtain the status of the arbitration case, Duran failed to properly update Villasana that the arbitration had concluded and the Arbitrator had issued a final order in H&R's favor. To the contrary, Duran represented to Villasana that the arbitration was not fully concluded, there was no final order entered and no determination of how much money was owed to H&R.

[4] To date, H&R has not received this award.

Moreover, Villasana contends that Duran helped Joyce commit further fraud by referring Joyce to Duran's close friend to serve as an attorney to obtain a fraudulent default divorce on grounds that Joyce did not know the whereabouts of her husband despite her daily contact with Villasana. Villasana contends that despite Duran's knowledge of this divorce, Duran failed to communicate this to Villasana. As a result, using the fraudulent POA, Joyce transferred to herself all of Villasana and H&R's finances, property and other assets, including Villasana's vehicle and residence, which also served as H&R's place of operation.

Plaintiffs contend that as a result of these activities, they have lost over $860,000.00. Not knowing Duran's role in these activities, Villasana asked Duran to take numerous remedial measures, such as to help him revoke or rescind the POA, attempt to determine the extent of the financial damage done by Joyce, and investigate and intervene with Joyce in regard to the H&R financial documents. Duran agreed to prepare a Replevin Petition to file against Joyce on behalf of plaintiffs in order to recover H&R's financial documents. Duran did not file or even attempt to file said documents.

Accordingly, because of Duran's role in the activities set forth above and in plaintiffs' Complaint, and because Duran's actions/inactions occurred during the ordinary course of Stuart & Clover's business, where Duran was a named partner, plaintiffs filed this instant action against Duran and Stuart & Clover.

II. Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Beyond the general federal pleading standard set forth in *Iqbal*, a plaintiff must also comply with Federal Rule of Civil Procedure Rule 9(b) and the heightened pleading standard for fraud. Dismissal of a claim for failure to meet the particularity requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *See Seattle–First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* at 1010 n. 1.

The primary purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiff's claim and of the factual ground upon which it is based. *See Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726–27 (10th Cir. 2006).

## III. Discussion

Stuart & Clover filed this motion to dismiss on the following grounds: (1) lack of subject matter jurisdiction; (2) failure to state a claim by asserting wholly conclusory claims, failing to establish a fiduciary relationship between Villasana and Stuart & Clover giving rise to a malpractice claim, and failure to establish breach of fiduciary duty and breach of contract claims against Stuart & Clover; and (3) failure to sufficiently allege fraud against Stuart & Clover with sufficient particularity.

### A. Lack of Subject Matter jurisdiction

For the reasons set forth in the Court's separate order issued this same date addressing Duran's motion to dismiss, the Court finds that it has subject matter jurisdiction over plaintiffs' claims.

### B. Failure to State a Claim

Stuart & Clover asserts that plaintiffs have alleged wholly conclusory allegations and, thus, plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Stuart & Clover contends that there are no specific allegations that the firm knew of or was aware of the alleged actions on the part of Duran or how the firm engaged in self-dealing. Assuming Stuart & Clover's contention is true, it is an elementary rule of law that a partnership

is bound by the actions of its partner acting in the ordinary course of business of the partnership. *See* Okla. Stat. tit. 54, § 1-305. Thus, under the facts of this case, allegations against Duran, acting as a partner of Stuart & Clover at that time, are sufficient to allege claims against the partnership. As set forth in the Court's separate order addressing Duran's motion to dismiss, plaintiffs have asserted sufficient factual allegations to withstand a motion to dismiss on their claims against Duran, a liability which could be imputed to Stuart & Clover. While the Court takes no position on the merits of plaintiffs' allegations, at this stage of the litigation, viewing the factual allegations in the Complaint as true and construing these allegations in the light most favorable to plaintiffs, the Court finds plaintiffs have alleged sufficient facts to withstand Stuart & Clover's Motion to Dismiss on these grounds.

Stuart & Clover also asserts that Villasana cannot establish breach of fiduciary duty and breach of contract claims against Stuart & Clover because these claims can only be brought by H&R, the client. Having carefully reviewed the Complaint and the parties' submissions, the Court finds that, at this stage of the litigation, viewing Villasana's allegations in the Complaint as true and construing these allegations in the light most favorable to Villasana, he has alleged sufficient facts to withstand Stuart & Clover's motion to dismiss on this ground.

C. Failure to Allege Fraud with Particularity

Stuart & Clover asserts that plaintiffs fail to allege fraud with the detail required by Federal Rule of Civil Procedure 9(b). Having carefully reviewed plaintiffs' Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds that plaintiffs have pled fraud with the requisite particularity. As highlighted in the Introduction section above, the Court is satisfied that plaintiffs have provided Stuart & Clover with sufficient details to apprise Stuart & Clover of the alleged fraudulent activities involving the firm's partner and the firm relating to the arbitration

proceedings and mishandling of the funds derived from the arbitration; mishandling H&R's relationship with Landmark by allowing the warranty claim to lapse, failing to respond to Landmark's lawsuit resulting in judgment and default in the amount of $66,753.17, and failing to notify plaintiffs of these transactions; failing to carry out duties as a service agent of H&R; assisting Joyce with the fraudulent execution of the POA, which was allegedly signed in the firm's office, witnessed by partners of Stuart & Clover, and notarized by the firm's notary, and later used by Joyce to embezzle, transfer, sell and liquidate H&R's property and Villasana's real and personal property; and other alleged activities that allegedly took place with the assistance of Duran and the firm. Viewing all these facts and the rest of the facts alleged in plaintiffs' Complaint as true and construing them in the light most favorable to plaintiffs, the Court finds that Stuart & Clover has received more than a fair notice of plaintiffs' fraud claim and of the factual ground upon which it is based. Accordingly, the Court finds that plaintiffs have pled fraud with the requisite particularity sufficient to withstand Stuart & Clover's motion to dismiss.

## IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant Stuart & Clover's Motion to Dismiss [docket no. 13].

**IT IS SO ORDERED this 1st day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE