**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HECTOR ALEJANDRO VILLASANA CASTILLO, and H&R ENTERPRISES, LLC, an Oklahoma Limited Liability Company,<br><br>                       Plaintiff,<br><br>v.<br><br>ROBERT S. DURAN, JR., and STUART, CLOVER, DURAN, THOMAS & VORNDRAN, LLP,<br><br>                       Defendant. | Case No. CIV-14-1006-M |

## ANSWER OF DEFENDANT ROBERT S. DURAN, JR.

Defendant, Robert S. Duran, Jr. ("Duran") hereby answers Plaintiffs' Original Complaint as follows:

1. Duran alleges that Plaintiff Villasana ("Villasana") was deported from the United States to Mexico and is, therefore, informed and believes that Villasana is not a resident or citizen of the United States. Duran lacks further information sufficient to form a belief as to the truth of the remaining allegations about Villasana's residency and citizenship and about his alleged ownership of real and personal property in Oklahoma which are, therefore, denied. Duran denies the remaining allegations of ¶ 1 of the Original Complaint.

2. Duran admits that Plaintiff H&R Enterprises, LLC ("H&R") is reported by the Secretary of State of Oklahoma as "in existence", but does not admit and is without further knowledge or information to form a belief as to the truth of the allegation that

H&R is in "good standing. Duran denies the remaining allegations of ¶ 2 of the Original Complaint.

3. Duran admits the allegations of ¶ 3 of the Original Complaint.

4. Duran admits the allegations of ¶ 4 of the Original Complaint.

5. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 5 of the Original Complaint which are, therefore, denied.

6. Duran admits the matter in controversy exceeds $75,000, exclusive of interests and costs. Duran admits he is a citizen of the State of Oklahoma. Duran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 6 of the Original Complaint. The remaining allegations of ¶ 6 of the Original Complaint are statements of legal conclusions to which a response is not required.

7. The allegations of ¶ 7 of the Original Complaint are statements of legal conclusions to which a response is not required.

8. Duran admits there was an arbitration matter involving H&R and Landmark Structures I, LP ("Landmark") in Texas in which H&R alleged it had not been paid for certain painting work. Duran denies that Villasana "became involved in [that] arbitration matter"; he was not a party to it.

9. Duran admits H&R hired him and Stuart, Clover, Duran, Thomas & Vordran, LLP to represent H&R in that arbitration matter.

10. Duran admits that there was no written attorney/client agreement between Duran and/or Stuart, Clover, Duran, Thomas & Vordran, LLP to represent H&R in that

arbitration matter. Duran denies the remaining allegations in ¶ 10 of the Original Complaint.

11. Duran is without independent knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11 of the Original Complaint. Duran admits that Villasana spoke to him on the phone and told him essentially those facts, including that Villasana was speaking to him from Mexico to which he had been deported.

12. Duran admits that following Villasana's deportation to Mexico, Villasana put Kimberley Joyce ("Joyce"), who was Villasana's wife at that time, in charge of H&R's arbitration matters in the United States. Duran is without sufficient information to admit or deny the remaining allegations of ¶ 12 of the Original Complaint.

13. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13 which are, therefore, denied.

14. Duran admits he prepared a POA but the same was done only at Villasana's oral direction and with Villasana's knowledge and consent.

15. Duran denies the allegations of ¶ 15 of the Original Complaint.

16. Duran denies that the POA contains a "forged" signature of Villasana. Villasana's signature thereon was an authorized signature made thereon by Kimberly Joyce at Villasana's direction and with his knowledge and oral consent.

17. Duran adopts and realleges the responses to ¶¶ 14-16 of this Answer as if fully incorporated herein.

18. Duran admits the allegations of ¶ 18 of the Original Complaint.

19. Duran adopts and re-alleges the allegations of the responses to ¶¶ 14-16 of this Answer as if fully incorporated herein and, in particular, that the signature on the POA was authorized and not a "forgery". Duran denies the remaining allegations of ¶ 19.

20. Duran admits that he prepared a form of Application for Reinstatement of H&R on or about May 21, 2010. Duran alleges the document speaks for itself. Duran denies the remaining allegations of ¶ 20 of the Original Complaint.

21. Duran denies the allegations of ¶ 21 of the Original Complaint.

22. Duran admits that in July of 2012, he prepared and signed a form of Application for Reinstatement of H&R. Duran alleges the document speaks for itself. Duran denies the remaining allegations of ¶ 22 of the Original Complaint.

23. Duran admits that he negotiated a partial settlement agreement signed by Joyce for H&R of the Texas arbitration in the amount of $635,000, which left a remaining dispute of charges and offset claims between H&R and Landmark of approximately $300,000. Duran denies the remaining allegations of ¶ 23 of the Original Complaint.

24. Duran denies there was any money paid to Stuart & Clover on the Texas arbitration claims. All settlement proceeds were delivered to H&R. Duran does not have sufficient information to admit or deny the remaining allegations of ¶ 24. Duran specifically denies receiving any portion of the settlement proceeds.

25. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 25 of the Original Complaint.

26. Duran admits there was a subsequent arbitration award to H&R for $66,753.17. Duran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 26 of the Original Complaint. On information and belief, the $66,753.17 award was subject to an offset in excess of the award or in the alternative, the award required H&R to do additional work to earn. On information and belief, no additional work was performed.

27. Duran states that he reported to Joyce acting with authority for H&R all relevant information about the arbitration. Duran denies the remaining allegations of ¶ 27 of the Original Complaint.

28. Duran denies the allegations in ¶ 28 of the Original Complaint.

29. Duran admits that on or about May 18, 2010, Plaintiff Villasana entrusted his wife, Joyce, to handle H&R's daily operations in the U.S. including the arbitration. Duran is informed and believes that Joyce worked closely with Plaintiff Villasana, as alleged. Duran worked as needed with Joyce to conduct the business affairs of H&R as she was authorized and Duran was entrusted by H&R to do.

30. Duran states that the docket sheet for the cited case speaks for itself. Duran is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 30 of the Original Complaint.

31. Duran denies the allegations of ¶ 31 of the Original Complaint.

32. Duran denies the allegations of ¶ 32 of the Original Complaint.

33. Duran denies he had any knowledge attributed to him in ¶ 33. Defendant denies the remaining allegations of ¶ 33 of the Original Complaint.

34. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 34 of the Original Complaint which are, therefore, denied.

35. Duran denies the allegations in ¶ 35 of the Original Complaint.

36. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36 of the Original Complaint which are, therefore, denied.

37. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37 of the Original Complaint which are, therefore, denied. As to the Plaintiff's knowledge of the POA, he expressly authorized it.

38. Duran denies the allegations of "discovery of the forged" POA, but does admit Villasana sought Duran's assistance to revoke and rescind the POA. All other allegations of ¶ 38 are denied.

39. Duran admits the allegations in ¶ 39 of the Original Complaint.

40. Duran admits a proposed pleading seeking replevin was prepared, but at the direction of the Plaintiff, it was not filed. All other allegations of ¶ 40 are denied.

41. Duran admits a proposed pleading seeking replevin was prepared, but at the direction of the Plaintiff, it was not filed. All other allegations of ¶ 41 are denied.

42. The allegations of ¶ 42 of the Original Complaint are denied.

43. Duran has insufficient information to admit or deny when the Plaintiff "discovered" the alleged facts. Duran denies any "connections" to the alleged facts other than drafting, with the knowledge and consent of Plaintiff, the POA as more fully set forth herein.

44. Duran denies the allegations in ¶ 44 of the Original Complaint.

45. Duran denies the allegations in ¶ 45 of the Original Complaint.

46. Duran denies the allegations in ¶ 46 of the Original Complaint.

47. Duran denies that a copy of the suit alleged in ¶¶ 46 and 47 was served upon him or that he had any knowledge of this action until after the Judgment was final and his services to H&R had been terminated.

48. Duran denies the allegations in ¶ 48 of the Original Complaint.

49. Duran denies the allegations of ¶ 49 of the Original Complaint.

50. Duran denies the first sentence, and on information and belief, admits the second sentence of ¶ 50 of the Original Complaint.

51. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 51 of the Original Complaint which are, therefore, denied.

52. Duran admits he knew the amount that H&R claimed Landmark owed to it. Duran denies the remaining allegations in ¶ 52 of the Original Complaint.

53. Duran denies the allegations of ¶ 53 of the Original Complaint as it applies to himself.

54. Duran denies the allegations of ¶ 54 of the Original Complaint.

55. The records of the OSOS speak for themselves as to the dates and times of events. All other allegations of ¶ 55 are denied.

56. Duran denies the allegations in ¶ 56 regarding Duran's knowledge, intention, actions or omissions. Duran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 56 of the Original Complaint.

57. This paragraph alleges a legal proposition to which no response is needed from Duran.

58. This paragraph alleges a legal proposition to which no response is needed from Duran.

59. Duran denies that he represented Villasana in the arbitration or Texas lawsuit, or in other unspecified matters referred to in ¶ 59 of the Original Complaint. Duran admits that he represented H&R in the ordinary course of his practice while a partner at Stuart & Clover. Duran denies the remaining allegations of ¶ 59 of the Original Complaint.

60. Duran denies the allegations of ¶ 60 of the Original Complaint.

61. Duran denies the allegations of ¶ 61 of the Original Complaint.

62. Duran is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 62 of the Original Complaint which are, therefore, denied.

## CLAIM NUMBER 1
### PROFESSIONAL NEGLIGENCE/LEGAL MALPRACTICE

63. Duran re-alleges the responses to ¶¶ 1-62 inclusive herein as if fully set forth.

64. Duran denies the allegations that Villasana was and that, as such, Duran owed any duty to "Villasana as an individual client and the sole member/owner and representative of that corporate client [H&R]". The remaining allegations of ¶ 64 of the Original Complaint are legal statements which require no response from Duran.

65. Duran denies the allegations of ¶ 65 of the Original Complaint.

66. Duran admits an attorney/client relationship with H&R and denies any attorney/client relationship with Plaintiff Villasana as alleged in ¶ 66 of the Original Complaint. Duran denies the remaining allegations in ¶ 66 of the Original Complaint.

67. Duran denies the allegations of ¶ 67 of the Original Complaint.

68. Duran denies the allegations of ¶ 68 of the Original Complaint.

69. Duran denies the allegations of ¶ 69 of the Original Complaint.

## CLAIM NUMBER 2
### BREACH OF FIDUCIARY DUTY

70. Duran re-alleges the responses to ¶¶ 1-69 inclusive herein as if fully set forth.

71. Duran admits a fiduciary relationship within the scope of the engagement with H&R and denies any fiduciary relationship with Plaintiff Villasana as alleged in ¶ 71 of the Original Complaint. Duran denies the remaining allegations in ¶ 71 of the Original Complaint.

72. This paragraph states legal propositions for which a response from Duran is not required. To the extent a response is necessary, the allegations of ¶ 72 of the Original Complaint are denied.

73. Duran denies the allegations of ¶ 73 of the Original Complaint.

74. Duran denies the allegations of ¶ 74 of the Original Complaint.

75. Duran denies the allegations of ¶ 75 of the Original Complaint.

76. Duran denies the allegations of ¶ 76 of the Original Complaint.

77. Duran denies the allegations of ¶ 77 of the Original Complaint.

## CLAIM NUMBER 3

### BREACH OF CONTRACT

78. Duran re-alleges the responses to ¶¶ 1-77 inclusive herein as if fully set forth.

79. Duran admits a contract with H&R for limited legal services on its behalf and denies any contract with Plaintiff Villasana for any legal services on his behalf as alleged in ¶ 79 of the Original Complaint. Duran denies all allegations in ¶ 79 of the Original Complaint inconsistent with that limited attorney/client relationship.

80. Duran denies the allegations of ¶ 80 of the Original Complaint.

81. Duran denies the allegations of ¶ 81 of the Original Complaint.

82. Duran denies the allegations of ¶ 82 of the Original Complaint.

83. Duran denies the allegations of ¶ 83 of the Original Complaint.

## CLAIM NUMBER 4

### FRAUD

84. Duran re-alleges the responses to ¶¶ 1-83 inclusive herein as if fully set forth.

85. Duran denies the allegations of ¶ 85 of the Original Complaint.

86. Duran denies the allegations of ¶ 86 of the Original Complaint.

87. Duran denies the allegations of ¶ 87 of the Original Complaint.

88. Duran denies the allegations of ¶ 88 of the Original Complaint.

89. Duran denies the allegations of ¶ 89 of the Original Complaint.

90. Duran denies the allegations of ¶ 90 of the Original Complaint.

91. Duran denies the allegations of ¶ 91 of the Original Complaint.

92. Duran denies the allegations of ¶ 92 of the Original Complaint.

93. Duran denies the allegations of ¶ 93 of the Original Complaint.

## CLAIM NUMBER 5

### BREACH OF REGISTERED SERVICE AGENT DUTIES

94. Duran re-alleges the responses to ¶¶ 1-93 inclusive herein as if fully set forth.

95. Duran denies the allegations of ¶ 95 of the Original Complaint.

96. Duran denies the allegations of ¶ 96 of the Original Complaint.

97. Duran denies the allegations of ¶ 97 of the Original Complaint.

98. Duran denies receiving any notice as alleged in ¶ 98 of the Original Complaint.

99. Duran re-alleges that he did not receive any such communication from the OSOS. Duran denies that he breached any duty owed to Villasana as alleged in ¶ 99 of the Original Complaint.

100. Duran denies the allegations of ¶ 100 of the Original Complaint.

101. Duran denies the allegations in ¶ 101 regarding Duran's knowledge, intention, actions or omissions. Duran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 101 of the Original Complaint.

102. Duran denies the allegations of ¶ 102 of the Original Complaint.

103. Duran denies the allegations of ¶ 103 of the Original Complaint.

104. Duran denies the allegations of ¶ 104 of the Original Complaint.

## AFFIRMATIVE DEFENSES

For further Answer, Duran asserts the following affirmative defenses:

105. The Court lacks subject matter jurisdiction.

106. The Original Complaint and each of the five Claims stated therein fail to state a claim for relief in favor of Villasana or H&R against Duran (or Stuart & Clover).

107. Villasana lacks standing to sue on claims of H&R.

108. Villasana has attempted to assert derivative claims that, if they exist at all, belong to H&R only.

109. The original Complaint and each of the five Claims stated therein are barred by the applicable statute of limitations.

110. Duran exercised the degree of care and skill sufficient to satisfy the standard of care of a lawyer in this community and was not negligent in representing H&R.

111. Duran did not have an attorney/client relationship with Villasana, and did not represent him, and had no duty of care, as a lawyer, to Villasana.

112. No action or omission of Duran, as a lawyer or otherwise, breached any duty owed to H&R.

113. No action or omission of Duran, as a lawyer or otherwise, breached any duty owed to Villasana.

114. No action or omission of Duran, as a lawyer or otherwise, proximately caused any injury and damage to H&R.

115. No action or omission of Duran, as a lawyer or otherwise, proximately caused any injury and damage to Villasana.

116. Any injury or damage to H&R was caused by H&R, or by someone else acting for or on its behalf, or by some third-party or other cause over whom this Defendant has no control or right to control. .

117. Any injury or damage to Villasana was caused by Villasana, or by someone **else** acting for or on his behalf, or by some third-party or other cause.

118. Duran acted at all times with good faith and without malice.

119. Duran did not act with intent to harm or with reckless disregard for the possibility of harm to Plaintiffs, or either of them.

120. Duran did not "forge" any signature to any document. All of Duran's actions, including any signing of the name of Villasana, were either authorized in advance or ratified after the fact by Villasana or another representative of H&R with actual or apparent authority to act for H&R.

121. Duran did not agree to, or conspire to, or otherwise act in concert with any person in order to harm Plaintiffs or either of them in any way.

122. Plaintiffs' Original Complaint is barred by the doctrine of unclean hands and misconduct.

123. Plaintiffs' Original Complaint is barred by the doctrine of laches, waiver, estoppel, consent and/or ratification.

124. Duran reserves the right to amend this Answer in accordance with the scheduling order, applicable statutes and rules, and further orders of this Court.

WHEREFORE, for the reasons stated, Defendant Duran prays that Plaintiffs take nothing by their Original Complaint that should be dismissed with prejudice, and that Defendant Duran be awarded the costs of this action including a reasonable attorney's fee, together with such other and further relief to which he may be entitled.

> Respectfully submitted,
>
> s/ David A. Cheek
> DAVID A. CHEEK, OBA #1638
> RONALD E. STAKEM, OBA #8540
> CHEEK & FALCONE, PLLC
> 6301 Waterford Blvd., Suite 320
> Oklahoma City, OK  73118-1168
> Telephone:  (405) 286-9191
> Facsimile:  (405) 286-9670
> dcheek@cheekfalcone.com
> *Attorneys for Defendant,*
> *Robert S. Duran, Jr.*

## **CERTIFICATE OF MAILING**

The undersigned does hereby certify on the 14th day of April, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

Sean E. Manning
SHOOK & JOHNSON, P.L.L.C.
7420 South Yale Avenue
Tulsa, OK 74136-7029
smanning@shookjohnson.com
*Attorneys for Plaintiff*

George S. Corbyn, Jr.
Amy J. Pierce
CORBYN HAMPTON, PLLC
211 North Robinson, Suite 1910
Oklahoma City, OK 73102
gcorbyn@corbynhampton.com
apierce@corbynhampton.com
*Attorneys for Defendant,*
*Stuart, Clover, Duran, Thomas & Vondran, LLP*
*and Stuart & Clover, PLLC*

           s/ David A. Cheek

S:\10437.069/(56208).docx